

**NAILAH K. BYRD**
**CUYAHOGA COUNTY CLERK OF COURTS**
1200 Ontario Street
Cleveland, Ohio 44113

## Court of Common Pleas

**New Case Electronically Filed:**
**March 2, 2017 12:34**

By: BRIAN D. SPITZ 0068816

Confirmation Nbr. 1002020

PAULZLINA COLLINS                         CV 17 876763

vs.

DRS. GROSS, MALCMACHER THALER &          **Judge:** MICHAEL P. SHAUGHNESSY
ASSOCIATES, ET AL

**Pages Filed:** 22



IN THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY, OHIO

| | | |
|---|---|---|
| PAULZLINA COLLINS | ) | CASE NO. |
| 1266 E. 114 Street | ) | |
| Cleveland, Ohio 44108 | ) | JUDGE: |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **COMPLAINT FOR DAMAGES** |
| | ) | **AND INJUNCTIVE RELIEF** |
| DRS. GROSS, MALCMACHER, THALER | ) | |
| & ASSOCIATES, LLC D/B/A THE | ) | **JURY DEMAND ENDORSED** |
| HEALTHY SMILE | ) | **HEREIN** |
| 3492 Severn Rd. | ) | |
| Cleveland Heights, Ohio 44118 | ) | **(ATTACHED: PLAINTIFF'S** |
| | ) | **FIRST REQUEST FOR** |
| **Serve also:** | ) | **INTERROGATORIES AND** |
| JEFFREY S. GROSS, D.D.S., | ) | **PRODUCTION OF** |
| Statutory Agent | ) | **DOCUMENTS)** |
| 3492 Severn Road | ) | |
| Cleveland Heights, Ohio 44118 | ) | **(DOCUMENT CONTAINS** |
| | ) | **REQUEST FOR ADMISSIONS** |
| -and- | ) | **(RULE 36(C))** |
| | ) | |
| DR. DONALD THALER | ) | |
| c/o DRS. GROSS, MALCMACHER, | ) | |
| THALER & ASSOCIATES, LLC D/B/A | ) | |
| THE HEALTHY SMILE | ) | |
| 3492 Severn Rd. | ) | |
| Cleveland Heights, Ohio 44118 | ) | |
| | ) | |
| -and- | ) | |
| | ) | |
| DR. JEFFERY GROSS | ) | |
| c/o DRS. GROSS, MALCMACHER, | ) | |
| THALER & ASSOCIATES, LLC D/B/A | ) | |
| THE HEALTHY SMILE | ) | |
| 3492 Severn Rd. | ) | |
| Cleveland Heights, Ohio 44118 | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff, Paulzlina Collins, by and through undersigned counsel, as her Complaint against

the Defendants, states and avers the following:

The Employee's Attorney.™



## PARTIES AND VENUE

1) Collins is a resident of the city of Cleveland, county of Cuyahoga, state of Ohio.

2) Dr. Donald Thaler is a resident of the state of Ohio.

3) Dr. Jeffery Gross is a resident of the state of Ohio.

4) Drs. Gross, Malemacher, Thaler & Associates, LLC d/b/a The Healthy Smile ("Healthy Smile") is a domestic corporation with its principal place of business located at 3492 Severn Road, Cleveland Heights, Ohio 44118.

5) At all times herein, Collins was acting in the course and scope of her employment.

6) At all times herein, Thaler was acting in the course and scope of his employment.

7) Thaler, is and, at all times hereinafter mentioned, was an individual who was the owner and/or principal of Healthy Smile and who acted directly or indirectly in the interest of Healthy Smile in relation to its employees, and is an employer within the meaning of R.C. § 4112.01et. seq.

8) At all times herein, Gross was acting in the course and scope of his employment.

9) Gross, is and, at all times hereinafter mentioned, was an individual who was the owner and/or principal of Healthy Smile and who acted directly or indirectly in the interest of Healthy Smile in relation to its employees, and is an employer within the meaning of R.C. § 4112.01et. seq.

10) All of the material events alleged in this Complaint occurred in Cuyahoga County.

11) Therefore, personal jurisdiction is proper over Defendants pursuant to Ohio Revised Code §2307.382(A)(1) and (4).

12) Venue is proper pursuant to Civ. R. 3(B)(2).

13) This Court is a court of general jurisdiction over the claims presented herein, including all subject matters of this Complaint.

## FACTS



The Employee's Attorney.™       2

14) Collins is a former employee of Healthy Smile.

15) On or about September 21, 2015, Healthy Smile hired Collins as a receptionist and dental assistant.

16) In or around May 2016, Collins received a positive review and pay raise.

17) On or about May 10, 2016, Collins learned that she had multiple sclerosis ("MS").

18) As a result of suffering from MS, Collins is and was considered disabled within the meaning of R.C. § 4112.01(A)(13).

19) In the alternative, Thaler perceived Collins as being disabled.

20) In the alternative, Thaler perceived that Collins's medical condition constituted a physical impairment.

21) In the alternative, Thaler perceived Collins's disability to substantially impair one or more of her major life activities, including working.

22) Despite this actual or perceived disabling condition, Collins was still able to perform the essential functions of her job.

23) On or about May 16, 2016, Collins began to experience symptoms of MS while at work.

24) On or about May 16, 2016, Collins informed her direct supervisor, Thaler, of her recent MS diagnosis.

25) On or about May 23, 2016, Collins informed Thaler that she would need to miss two days of work in order to receive an intravenous steroid treatment for her MS.

26) Collins offered to work evenings and extra shifts to make up the missed time.

27) Thaler told Collins she could have the time off.

28) Thaler left after the meeting and went to inform Gross that Collins would need the time off to treat her disability.



The Employee's Attorney.™

3

29) Shortly after Thaler went to speak to Gross, Gross returned to Collins work area and terminated her employment.

30) Neither Gross nor Thaler provided Collins with a legitimate non-discriminatory reason for her termination.

31) Neither Gross not Thaler provided Collins with any reason for her termination.

32) Upon information and belief, Healthy Smile has a progressive disciplinary policy.

33) Upon information and belief, Healthy Smile's disciplinary policy calls for escalating levels of discipline for any infractions, beginning with a verbal warning, followed by a written warning, and ultimately leading up to termination.

34) Collins did not receive a verbal warning.

35) Collins did not receive a written warning.

36) Collins did not receive a second written warning.

37) By terminating Collins, Healthy Smile violated its own progressive discipline policy.

38) Healthy Smile's purported reason for Collins's termination is pretext for disability discrimination.

39) Upon information and belief, subsequent to Collins's termination, Defendants hired an abled bodied person to replace Collins.

40) The above facts demonstrate that Defendants engaged in a pattern and practice of disability discrimination.

41) Collins routinely worked over forty hours per week throughout her employment at Healthy Smile.

42) Healthy Smile did not compensate Collins at a rate of time and a half for her hours worked over forty hours.



**The Employee's Attorney.™**                                                4

43) Beginning on or about September 21, 2015 and continuing through December 2015, Collins traveled with Thaler to various nursing homes to assist in cleaning residents' teeth.

44) Collins was not compensated for her travel time between nursing homes.

45) Healthy Smile did not count Collins' travel time as hours worked and therefore did not compensate her when her hours exceeded forty hours per week.

46) Healthy Smile failed to compensate Collins for all of her hours worked.

## COUNT I: DISABILITY DISCRIMINATION

47) Collins restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

48) On or about May 23, 2016, Defendants terminated Collins's employment without just cause.

49) Defendants terminated Collins's employment based on her disability.

50) Defendants terminated Collins's employment based on her perceived disability.

51) Defendants violated R.C. §4112.02 when they discharged Collins based on her disability.

52) Defendants violated R.C. §4112.02 when they discharged Collins based on her perceived disability.

53) As a direct and proximate result of Defendants' conduct, Collins suffered and will continue to suffer damages, including economic, emotional distress and physical sickness damages.

## COUNT II: FAILURE TO PAY OVERTIME COMPENSATION UNDER R.C. § 4111.10(A)

54) Collins restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

55) Collins worked over 40 hours per week during her employment with Defendants.

56) Defendants did not pay Collins overtime wages for hours worked over 40 per week.

The Employee's Attorney.™

5



57) Pursuant to R.C. § 4111.03(A), an employer must pay a non-exempt employee for overtime at a wage rate of one and one-half times the employee's wage rate for hours worked in excess of 40 hours in one work week.

58) At all times during her employment with Defendants, Collins was a non-exempt employee for purposes of R.C. § 4111.03(A).

59) Defendants willfully and/or intentionally violated R.C. § 4111.03(A).

60) As a direct and proximate result of Defendants' failure to pay Collins her lawfully earned overtime wages, pursuant to R.C. § 4111.10(A), Defendants are liable to Collins for the full amount of the overtime wage rate, and for costs and reasonable attorneys' fees as may be allowed by the Court.

### COUNT III: FAILURE TO PAY OVERTIME COMPENSATION UNDER 29 U.S.C. § 207

61) Collins restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

62) Collins worked over 40 hours per week during her employment with Defendants.

63) Defendants did not pay Collins overtime wages for hours worked over 40 per week.

64) Pursuant to 29 U.S.C. § 207, an employer must pay a non-exempt employee for overtime at a wage rate of one and one-half times the employee's wage rate for hours worked in excess of 40 hours in one work week.

65) At all times during his employment with Defendants, Collins was a non-exempt employee for purposes of 29 U.S.C. § 207.

66) Defendants willfully and/or intentionally violated 29 U.S.C. § 207.

67) As a direct and proximate result of Defendants' failure to pay Collins her lawfully earned overtime wages, pursuant to 29 U.S.C. § 216(b), Defendants are liable to Collins for the full



amount of the overtime wage rate, an additional equal amount as liquidated damages as well as costs and reasonable attorney fees.

## **DEMAND FOR RELIEF**

WHEREFORE, Collins demands from Defendants the following:

(a) Issue a permanent injunction:

    (i)     Requiring Healthy Smile to abolish discrimination, harassment, and retaliation;

    (ii)    Requiring allocation of significant funding and trained staff to implement all changes within two years;

    (iii)   Requiring removal or demotion of all supervisors who have engaged in discrimination, harassment, or retaliation, and failed to meet their legal responsibility to promptly investigate complaints and/or take effective action to stop and deter prohibited personnel practices against employees;

    (iv)   Creating a process for the prompt investigation of discrimination, harassment, or retaliation complaints; and

    (v)    Requiring mandatory and effective training for all employees and supervisors on discrimination, harassment, and retaliation issues, investigations, and appropriate corrective actions;

(b) Issue an order requiring Healthy Smile to restore Collins to one of the positions to which she was entitled by virtue of her application and qualifications, and expunge her personnel file of all negative documentation;

(c) An award against each Defendant of compensatory and monetary damages to compensate Collins for physical injury, physical sickness, lost wages, emotional distress, and other consequential damages, in an amount in excess of $25,000 per claim to be proven at trial;



The Employee's Attorney.™

Electronically Filed 03/02/2017 12:34 / / CV 17 876763 / Confirmation Nbr. 1002020 / CLKMG

(d) An award of punitive damages against each Defendant in an amount in excess of $25,000;

(e) An award of reasonable attorneys' fees and non-taxable costs for Collins's claims as allowable

under law;

(f) An award of the taxable costs of this action; and

(g) An award of such other relief as this Court may deem necessary and proper.

Respectfully submitted,

Brian D. Spitz (0068816)
Daniel S. Dubow (0095530)
THE SPITZ LAW FIRM, LLC
25200 Chagrin Blvd, Ste. 200
Beachwood, Ohio 44122
Phone: (216) 291-4744
Facsimile: (216) 291-5744
Email: brian.spitz@spitzlawfirm.com
daniel.dubow@spitzlawfirm.com

*Attorneys For Plaintiff Paulzlina Collins*



## JURY DEMAND

Plaintiff Paulzlina Collins demands a trial by jury by the maximum number of jurors permitted.

Brian D. Spitz (0068816)
Daniel S. Dubow (0095530)



The Employee's Attorney.™

IN THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY, OHIO

| | | |
|---|---|---|
| PAULZLINA COLLINS | ) | CASE NO. |
| | ) | |
| Plaintiff, | ) | JUDGE: |
| | ) | |
| v. | ) | PLAINTIFF'S FIRST SET OF |
| | ) | INTERROGATORIES AND |
| DRS. GROSS, MALCMACHER, THALER | ) | REQUEST FOR PRODUCTION |
| & ASSOCIATES, LLC D/B/A THE | ) | OF DOCUMENTS TO |
| HEALTHY SMILE, et al. | ) | DEFENDANT |
| | ) | |
| Defendants. | ) | (DOCUMENT CONTAINS |
| | ) | REQUEST FOR ADMISSIONS |
| | ) | (RULE 36(C)) |

Pursuant to Rules 33 and 34 of the Ohio Rules of Civil Procedure, Plaintiff Paulzlina

Collins's request that Defendant Drs. Gross, Malcmacher, Thaler & Associates, LLC d/b/a The

Healthy Smile ("Healthy Smile") answer, in writing, and under oath, the following interrogatories,

and produce the documents requested, within 28 days of service.

**INSTRUCTIONS AND DEFINITIONS**

A.  "Participated" means to either directly or indirectly take part in an action or give any input

   into a decision.

B.  The term "document" or "Documents" means the original and a photostatic copy thereof, or

   other reproduction thereof, of any writing or records of any type or description, whether official

   or unofficial, including, but not limited to, the original and any copy of any book, pamphlet,

   periodical, letter, memorandum, telegram, report, record, study, inter-or intra-office

   communication, handwritten or other note, working paper, publication, permit, ledger and/or

   journal, whether general or special, chart, paper, graph, survey, index, computer tape or disk,

   and any recorded, transcribed, or graphic matter, including audio or video tapes, and all other

   electronically, magnetically, optically and mechanically stored information, including but not



The Employee's Attorney.™

limited to CD-ROMS and microfilm or microfiche, however produced or reproduced, to which Defendant had access or now has access.

C. "Present" means the date of service of the responses to these discovery requests.

D. "Personnel file" includes, but is not necessarily limited to: Documents used to determine a person's qualifications for employment, promotions, transfers, raises, compensation, bonuses, pension eligibility and disciplinary action, job performance evaluations, terminations, discharges, layoffs, the employment application, Documents from hiring interviews, communications offering a job, employment agency Documents, applications for life and health insurance, Documents related to payroll, tax records (including all W-2 forms), Documents from any reference checks or background investigations conducted prior to hiring, pension plan/retirement benefits Documents, Documents concerning fringe benefits, Documents concerning any complaints written by or about the person (written by any person), exit interviews, written inquiries about the person made by any other person (including but not limited to prospective employers), Documents to or from the Ohio Bureau of Employment Services, job descriptions and Documents concerning any change in job duties or job descriptions.

E. For each interrogatory or part thereof which Defendant refuses to answer on grounds of burdensomeness, state:

    1. the number of files and/or Documents needed to be searched;

    2. the location of such files;

    3. the number of employee-hours required to conduct the search and the basis for calculating the number of employee-hours; and

    4. the estimated cost of the search in employee-hours and dollars.

The Employee's Attorney.™

2



F.  Whenever information is sought concerning employees, such information should include both active employees, employees on reserve status, and employees on part-time status. In addition, such information should include all employees who worked for Defendant at any time during the specified period.

G.  Wherever Defendant claims privilege, include a statement identifying each said document, and the basis asserted for the claim of privilege.

H.  If any document described in this request was, but no longer is, in Defendant's possession, or subject to Defendant's custody or control, or in existence, state whether:

    1.  it is missing or lost;

    2.  it has been destroyed;

    3.  it has been transferred, voluntarily or involuntarily, to others; or

    4.  it has been disposed of otherwise.

    5.  In each instance, explain the circumstances surrounding such disposition and identify the person(s) directing or authorizing same, and the date(s) thereof. Identify each document by listing its author, his or her address, type (e.g., letter, memorandum, telegrams, chart, photograph, etc.), date, subject matter, present location(s) and custodian(s), and state whether the document (or copies) are still in existence.

I.  "Identify," when used in reference to a document, means to state: (1) its date; (2) its author; (3) the type of document (e.g., letter, memorandum, receipt, invoice, schedule, report, telegram, chart, photograph, reproduction, note, etc.); and (4) its present location and the name of its present custodian or each custodian if there is more than one copy thereof. If any such document was but is no longer in the possession of Defendant or subject to their control, or it



is no longer in existence, state whether it is: (1) missing or lost, (2) destroyed; (3) transmitted or transferred voluntarily or involuntarily to others, identifying such others; or (4) otherwise disposed of, and in each instance, explain the circumstances surrounding the authorization of such disposition and state the date or approximate date thereof. If any of the above is not available to Defendant, state any available means of identifying such Documents.

J.  "Identify," when used herein in reference to a natural person, means to state: (1) his or her full name and present or last known residence address; (2) his or her present or last known business affiliation and position therewith, and (3) his or her last known residential telephone number. If any of the above information is not available to Defendant, state any other means of identifying such natural person.

K.  "Identify," when used in reference to a "person" (as defined above) other than a natural person, means to state: (1) its full name; (2) the nature of its organization, including the name of the state under which it was organized; (3) its address(es); (4) the address of its principal place of business; and (5) its principal line of business. If any of the above information is not available to Defendant, state any other available means of identifying such person.

L.  It is requested that all Documents be segregated as to the numbered requests they correspond to.

M.  "Similarly Situated" refers to any employee of Tenable who worked at Healthy Smile, who either held the same job position as Collins, or had the same job duties, regardless of whether they had the same supervisor as Collins.



The Employee's Attorney.™                           4

**INTERROGATORY NO. 1.**

State the last known address and telephone number of Defendants Gross and Thaler.

**ANSWER**

**INTERROGATORY NO. 2.**

Identify Plaintiff's supervisor(s) and manager(s)

**ANSWER**

**INTERROGATORY NO. 3.**

Identify person(s) presently known to the Defendant who were involved in making the decision to terminate Plaintiff.

**ANSWER**

**INTERROGATORY NO. 4.**

Identify persons the Defendant believes to have knowledge of the facts concerning the claims or defenses at issue in this lawsuit, and a brief description of that knowledge.

**ANSWER**

The Employee's Attorney.™                    5                              

**INTERROGATORY NO. 5.**

To the extent any Defendant contends Plaintiff was employed by another entity during the timeframe relevant to the Complaint, Identify the entity Plaintiff was employed by.

**ANSWER**


**INTERROGATORY NO. 6.**

To the extent that Defendant has failed to fully admit to every averment contained in the attached Complaint, state the facts, including, but not limited to, identifying all witnesses on which Defendants rely to form the basis of that answer.

**ANSWER**


**INTERROGATORY NO. 7.**

Identify the person with the most knowledge of similarly situated employees.

**ANSWER**


**REQUEST FOR ADMISSION 1.**

Admit Collins informed her supervisor(s) or manager(s) that she suffered from MS.

**ANSWER**

The Employee's Attorney.™                    6



**REQUEST FOR ADMISSION 2.**

Admit Healthy Smiles knew, or should have known, that Collins suffered from MS.

**ANSWER**

**REQUEST FOR ADMISSION 3.**

Admit Healthy Smile has granted requests from employees for time off.

**ANSWER**

**REQUEST FOR ADMISSION 4.**

Admit Healthy Smile did not compensate Collins for her travel time.

**ANSWER**

**REQUEST FOR ADMISSION 5.**

Admit Healthy Smile did not record or log any of Collins's hours related to her travel time.

**ANSWER**



The Employee's Attorney.™                    7

**PRODUCTION REQUEST NO. 1.**

Please produce any documentation relied on in responding to Request for Admission numbers 4
and 5.

**ANSWER**

**PRODUCTION REQUEST NO. 2.**

Produce any and all communications concerning the factual allegations or claims at issue in this
lawsuit among or between:

    i.    The Plaintiff and the Defendants;

   ii.    The Plaintiff's manager(s), and/or supervisor(s), and/or the Defendant's human resources
        representative(s).

**ANSWER**

**PRODUCTION REQUEST NO. 3.**

Produce any and all responses to all claims, lawsuits, administrative charges, and complaints by
the Plaintiff that rely upon any of the same factual allegations or claims as those at issue in this
lawsuit.

**ANSWER**



The Employee's Attorney.™

8

**PRODUCTION REQUEST NO. 4.**

Produce any and all Documents concerning the formation and termination, if any, of the employment relationship at issue in this lawsuit, irrespective of the relevant time period.

**ANSWER**


**PRODUCTION REQUEST NO. 5.**

Produce the Plaintiff's personnel file, in any form, maintained by the Defendant, including files concerning the Plaintiff maintained by the Plaintiff's supervisor(s), manager(s), or the Defendant's human resources representative(s), irrespective of the relevant time period.

**ANSWER**


**PRODUCTION REQUEST NO. 6.**

Produce any and all Documents relied upon to make the employment decision(s) at issue in this lawsuit.

**ANSWER**


**PRODUCTION REQUEST NO. 7.**

Produce any and all of Plaintiff's paystubs.

**ANSWER**


9

The Employee's Attorney.™



**PRODUCTION REQUEST NO. 8.**

Produce any and all workplace policies or guidelines which relate to the following:

    i.    Discipline;

    ii.    Termination of employment;

    iii.    Discrimination;

    iv.    Performance reviews or evaluations;

    v.    Misconduct; and

    vi.    Nature of the employment relationship between Plaintiff and Defendants.

**ANSWER**

**PRODUCTION REQUEST NO. 9.**

Produce the table of contents and index of any employee handbook, code of conduct, or policies and procedures manual in effect at the time of Plaintiff's termination.

**ANSWER**

**PRODUCTION REQUEST NO. 10.**

Produce any and all job description(s) for the position(s) that the Plaintiff held.

**ANSWER**

10



The Employee's Attorney.™

**PRODUCTION REQUEST NO. 11.**

Produce any and all Documents which relate to the Plaintiff's compensation and benefits, to include, but not limited to include retirement plan benefits, fringe benefits, employee benefit summary plan descriptions, and summaries of compensation.

**ANSWER**


**PRODUCTION REQUEST NO. 12.**

Produce any Agreements between the Plaintiff and the Defendant to waive jury trial rights or to arbitrate disputes.

**ANSWER**


**PRODUCTION REQUEST NO. 13.**

Produce any and all Documents concerning investigation(s) of any complaint(s) about the Plaintiff or made by the Plaintiff, if relevant to the Plaintiff's factual allegations or claims at issue in this lawsuit and not otherwise privileged.

**ANSWER**


**PRODUCTION REQUEST NO. 14.**

Produce any and all Documents in the possession of the Defendant and/or the Defendant's agent(s) concerning Plaintiff's claim for unemployment benefits

**ANSWER**

11

The Employee's Attorney.™



**PRODUCTION REQUEST NO. 15.**

Produce any other document(s) upon which the Defendant relies to support the defenses, affirmative defenses, and counterclaims, including any other document(s) describing the reasons for Plaintiff's termination

**ANSWER**

**PRODUCTION REQUEST NO. 16.**

To the extent that Defendant has failed to fully admit to every averment contained in the attached Complaint, provide all documents on which Defendant relied to form the basis of that answer and/or have reviewed or possessed regarding that issue

**ANSWER**

Respectfully submitted,

Brian D. Spitz (0068816)
Daniel S. Dubow (0095530)
**THE SPITZ LAW FIRM, LLC**
25200 Chagrin Blvd, Ste. 200
Beachwood, Ohio 44122
Phone: (216) 291-4744
Facsimile: (216) 291-5744
Email: brian.spitz@spitzlawfirm.com
daniel.dubow@spitzlawfirm.com

*Attorneys For Plaintiff Paulzlina Collins*



The Employee's Attorney.™                    12

## CERTIFICATE OF SERVICE

I hereby certify that a copy of Plaintiff's first set of Interrogatories and Request for the

Production of Documents to Defendants is being served through the same method by which the

Original Complaint is being served on Defendants

Brian D. Spitz (0068816)
Daniel S. Dubow (0095530)



The Employee's Attorney.™                    13

**SUMMONS IN A CIVIL ACTION    COURT OF COMMON PLEAS, CUYAHOGA COUNTY JUSTICE CENTER**

| CASE NO. | | SUMMONS NO. |
|---|---|---|
| CV17876763 | D1 FX | 31600598 |

Rule 4 (B) Ohio

Rules of Civil
Procedure

| PAULZLINA COLLINS | **PLAINTIFF** |
|---|---|
| VS | |
| DRS. GROSS, MALCMACHER, THALER & ASSOCIATES, ET AL | **DEFENDANT** |

**SUMMONS**

DRS. GROSS, MALCMACHER, THALER &
ASSOCIATES, LLC
DBA THE HEALTHY SMILE
3492 SEVERN RD.
CLEVELAND HEIGHTS OH 44118

You have been named defendant in a sums complaint (copy attached hereto) filed in Cuyahoga County Court of Common Pleas, Cuyahoga County Justice Center, Cleveland, Ohio 44113, by the plaintiff named herein.

You are hereby summoned and required to answer the complaint within 28 days after service of this summons upon you, exclusive of the day of service.

**Said answer is required to be served on:**



Said answer is required to be served on Plaintiff's Attorney (Address denoted by arrow at left.)

Plaintiff's Attorney

Your answer must also be filed with the court within 3 days after service of said answer on plaintiff's attorney.

BRIAN D SPITZ
25200 CHAGRIN BOULEVARD, SUITE 200

BEACHWOOD, OH 44122-0000

If you fail to do so, judgment by default will be rendered against you for the relief demanded in the complaint.

**Case has been assigned to Judge:**

MICHAEL P SHAUGHNESSY
**Do not contact judge. Judge's name is given for attorney's reference only.**



**NAILAH K. BYRD**
Clerk of the Court of Common Pleas

| DATE |
|---|
| Mar 2, 2017 |

By_____
Deputy

COMPLAINT FILED    03/02/2017



March 11,2017

Dear Customer:

The following is the proof-of-delivery for tracking number **785781589547**.

## Delivery Information:

| | | | |
|---|---|---|---|
| Status: | Delivered | Delivered to: | Residence |
| Signed for by: | J.GROSS | Delivery location: | 3492 SEVERN RD. |
| | | | CLEVELAND HEIGHTS, OH 44118 |
| Service type: | FedEx Express Saver | Delivery date: | Mar 10, 2017 12:13 |
| Special Handling: | Deliver Weekday | | |
| | Residential Delivery | | |
| | Direct Signature Required | | |



## Shipping Information:

| | | | |
|---|---|---|---|
| Tracking number: | 785781589547 | Ship date: | Mar 3, 2017 |
| | | Weight: | 0.5 lbs/0.2 kg |

| Recipient: | Shipper: |
|---|---|
| DRS. GROSS, MALCMACHER, THALER & AS | CCoC |
| DBA THE HEALTHY SMILE | 1200 Ontario |
| 3492 SEVERN RD. | Cleveland, OH 44113 US |
| CLEVELAND HEIGHTS, OH 44118 US | |

| Reference | CV17876763 |
|---|---|
| Invoice number | 31600598 |

Thank you for choosing FedEx.

CV17876763 / 31600598 / DRS. GROSS, MALCMACHER, THALER & ASSOCIATES, LLC / 2017-3-11 05:19

# SUMMONS IN A CIVIL ACTION    COURT OF COMMON PLEAS, CUYAHOGA COUNTY JUSTICE CENTER

| CASE NO. | | SUMMONS NO. |
|---|---|---|
| CV17876763 | D2 FX | 31600599 |

Rule 4 (B) Ohio

Rules of Civil
Procedure

PAULZLINA COLLINS **PLAINTIFF**
VS
DRS. GROSS, MALCMACHER, THALER &
ASSOCIATES, ET AL **DEFENDANT**

## SUMMONS

DONALD THALER MD
C/O DRS. GROSS, MALCMACHER, THALER
& ASSOCIATES, LLC. DBA THE HEALTHY
SMILE
3492 SEVERN RD.
CLEVELAND HEIGHTS OH 44118

You have been named defendant in a sums
complaint (copy attached hereto) filed in Cuyahoga
County Court of Common Pleas, Cuyahoga County
Justice Center, Cleveland, Ohio 44113, by the
plaintiff named herein.

You are hereby summoned and required to answer
the complaint within 28 days after service of this
summons upon you, exclusive of the day of service.

**Said answer is required to be served on:**



Said answer is required to be served on Plaintiff's
Attorney (Address denoted by arrow at left.)

**Plaintiff's Attorney**

BRIAN D SPITZ
25200 CHAGRIN BOULEVARD, SUITE 200

BEACHWOOD, OH 44122-0000

Your answer must also be filed with the court
within 3 days after service of said answer on
plaintiff's attorney.

If you fail to do so, judgment by default will be
rendered against you for the relief demanded in the
complaint.

**Case has been assigned to Judge:**

MICHAEL P SHAUGHNESSY
Do not contact judge. Judge's name is given for
attorney's reference only.



NAILAH K. BYRD
Clerk of the Court of Common Pleas

| DATE |
|---|
| Mar 2, 2017 |

By_____
Deputy

COMPLAINT FILED    03/02/2017



CMSN130



March 11, 2017

Dear Customer:

The following is the proof-of-delivery for tracking number **785781590390**.

**Delivery Information:**

| | | | |
|---|---|---|---|
| Status: | Delivered | Delivered to: | Residence |
| Signed for by: | J.GROSS | Delivery location: | 3492 SEVERN RD. |
| | | | CLEVELAND HEIGHTS, OH 44118 |
| Service type: | FedEx Express Saver | Delivery date: | Mar 10, 2017 12:13 |
| Special Handling: | Deliver Weekday | | |
| | Residential Delivery | | |
| | Direct Signature Required | | |



**Shipping Information:**

| | | | |
|---|---|---|---|
| Tracking number: | 785781590390 | Ship date: | Mar 3, 2017 |
| | | Weight: | 0.5 lbs/0.2 kg |

Recipient:
DONALD THALER MD
C/O DRS. GROSS, MALCMACHER, THALER
3492 SEVERN RD.
CLEVELAND HEIGHTS, OH 44118 US

Shipper:
CCoC
1200 Ontario
Cleveland, OH 44113 US

| | |
|---|---|
| Reference | CV17876763 |
| Invoice number | 31600599 |

Thank you for choosing FedEx.

CV17876763 / 31600599 / THALER MD/DONALD/ / 2017-3-11 05:20

**SUMMONS IN A CIVIL ACTION    COURT OF COMMON PLEAS, CUYAHOGA COUNTY JUSTICE CENTER**

| CASE NO. | | SUMMONS NO. |
|---|---|---|
| CV17876763 | D3 FX | 31600600 |

Rule 4 (B) Ohio

Rules of Civil
Procedure

PAULZLINA COLLINS **PLAINTIFF**
VS
DRS. GROSS, MALCMACHER, THALER & **DEFENDANT**
ASSOCIATES, ET AL

**SUMMONS**

JEFFERY GROSS MD
C/O DRS. GROSS, MALCMACHER, THALER
& ASSOCIATES, LLC. DBA THE HEALTHY
SMILE
3492 SEVERN RD.
CLEVELAND HEIGHTS OH 44118

You have been named defendant in a sums
complaint (copy attached hereto) filed in Cuyahoga
County Court of Common Pleas, Cuyahoga County
Justice Center, Cleveland, Ohio 44113, by the
plaintiff named herein.

You are hereby summoned and required to answer
the complaint within 28 days after service of this
summons upon you, exclusive of the day of service.

**Said answer is required to be served on:**



Said answer is required to be served on Plaintiff's
Attorney (Address denoted by arrow at left.)

Plaintiff's Attorney

BRIAN D SPITZ
25200 CHAGRIN BOULEVARD, SUITE 200

BEACHWOOD, OH 44122-0000

Your answer must also be filed with the court
within 3 days after service of said answer on
plaintiff's attorney.

If you fail to do so, judgment by default will be
rendered against you for the relief demanded in the
complaint.

**Case has been assigned to Judge:**

MICHAEL P SHAUGHNESSY
Do not contact judge. Judge's name is given for
attorney's reference only.

NAILAH K. BYRD
Clerk of the Court of Common Pleas



| DATE |
|---|
| Mar 2, 2017 |

By_____
Deputy

COMPLAINT FILED   03/02/2017



CMSN130



March 11,2017

Dear Customer:

The following is the proof-of-delivery for tracking number **785781590345**.

**Delivery Information:**

| | | | |
|---|---|---|---|
| Status: | Delivered | Delivered to: | Receptionist/Front Desk |
| Signed for by: | J.GROSS | Delivery location: | 3492 SEVERN RD |
| | | | CLEVELAND HEIGHTS, OH 44118 |
| Service type: | FedEx Express Saver | Delivery date: | Mar 10, 2017 12:11 |
| Special Handling: | Deliver Weekday | | |
| | Residential Delivery | | |
| | Direct Signature Required | | |



**Shipping Information:**

| | | | |
|---|---|---|---|
| Tracking number: | 785781590345 | Ship date: | Mar 3, 2017 |
| | | Weight: | 0.5 lbs/0.2 kg |

Recipient:
JEFFERY GROSS MD
C/O DRS. GROSS, MALCMACHER, THALER
3492 SEVERN RD.
CLEVELAND HEIGHTS, OH 44118 US

Shipper:
CCoC
1200 Ontario
Cleveland, OH 44113 US

Reference             CV17876763
Invoice number    31600600

Thank you for choosing FedEx.

CV17876763 / 31600600 / GROSS MD/JEFFERY/ / 2017-3-11 05:20

### SUMMONS IN A CIVIL ACTION   COURT OF COMMON PLEAS, CUYAHOGA COUNTY JUSTICE CENTER

| CASE NO. | | SUMMONS NO. |
|---|---|---|
| CV17876763 | D1 FX | 31600678 |

Rule 4 (B) Ohio

Rules of Civil
Procedure

PAULZLINA COLLINS          **PLAINTIFF**
VS
DRS. GROSS, MALCMACHER, THALER &          **DEFENDANT**
ASSOCIATES, ET AL.

## SUMMONS

DRS. GROSS, MALCMACHER, THALER &
ASSOCIATES, LLC
DBA THE HEALTHY SMILE
C/O JEFFREY S. GROSS, D.D.S., S/A
3492 SEVERN ROAD
CLEVELAND HEIGHTS OH 44118-0000

You have been named defendant in a sums
complaint (copy attached hereto) filed in Cuyahoga
County Court of Common Pleas, Cuyahoga County
Justice Center, Cleveland, Ohio 44113, by the
plaintiff named herein.

You are hereby summoned and required to answer
the complaint within 28 days after service of this
summons upon you, exclusive of the day of service.

**Said answer is required to be served on:**



Said answer is required to be served on Plaintiff's
Attorney (Address denoted by arrow at left.)

Plaintiff's Attorney

BRIAN D SPITZ
25200 CHAGRIN BOULEVARD, SUITE 200

BEACHWOOD, OH 44122-0000

Your answer must also be filed with the court
within 3 days after service of said answer on
plaintiff's attorney.

If you fail to do so, judgment by default will be
rendered against you for the relief demanded in the
complaint.

**Case has been assigned to Judge:**

MICHAEL P SHAUGHNESSY
Do not contact judge. Judge's name is given for
attorney's reference only.



NAILAH K. BYRD
Clerk of the Court of Common Pleas

| DATE |
|---|
| Mar 2, 2017 |

By _____
Deputy

COMPLAINT FILED  03/02/2017

CMSN130



March 11,2017

Dear Customer:

The following is the proof-of-delivery for tracking number **785781646959**.

## Delivery Information:

| | | | |
|---|---|---|---|
| Status: | Delivered | Delivered to: | Receptionist/Front Desk |
| Signed for by: | J.GROSS | Delivery location: | 3492 SEVERN RD |
| | | | CLEVELAND HEIGHTS, OH 44118 |
| Service type: | FedEx Express Saver | Delivery date: | Mar 10, 2017 12:11 |
| Special Handling: | Deliver Weekday | | |
| | Residential Delivery | | |
| | Direct Signature Required | | |



## Shipping Information:

| | | | |
|---|---|---|---|
| Tracking number: | 785781646959 | Ship date: | Mar 3, 2017 |
| | | Weight: | 0.5 lbs/0.2 kg |

**Recipient:**
DRS. GROSS, MALCMACHER, THALER & AS
DBA THE HEALTHY SMILE
C/O JEFFREY S. GROSS, D.D.S., S/A
3492 SEVERN ROAD
CLEVELAND HEIGHTS, OH 44118 US

**Shipper:**
CCoC
1200 Ontario
Cleveland, OH 44113 US

**Reference**      CV17876763
**Invoice number**      31600678

Thank you for choosing FedEx.

CV17876763 / 31600678 / DRS. GROSS, MALCMACHER, THALER & ASSOCIATES, LLC / 2017-3-11 05:20